UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOSEPH ANTHONY TURREY,<br>　　　　　　　　　　Defendant. | Case No.  CR21-5385-BHS<br><br>DETENTION ORDER |

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Section 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of any other person or the community. The defendant is represented by Julian E. St. Marie. The government is represented by Assistant United States Attorney Angelica J. Williams.

The defendant is charged with Aggravated Sexual Abuse of a Minor, regarding Minor Victim (MV) 1 (Count 1);  Aggravated Sexual Abuse of a Minor, regarding MV 2 ( Count 2) and Sexual Abuse of a Minor regarding MV 2 (Count 3). Dkt. 9, Indictment. The government filed a motion for detention (Dkt. 3), alleging that the presumption of detention applies, and asserting that if released, Mr. Turrey would pose a substantial risk of flight, risk of non-appearance, and risk of dangerousness to others and to the community.

The Court considered the documents in the record, heard information and argument presented during the hearing on December 9, 2021, and information provided by the Pretrial Services Officer, Leona Nguyen, including the pretrial services reports (Dkts. 4, 25).

The government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to others or to the community.

The charges, involving sexual offenses against his daughters, and a violent offense, trigger the rebuttable presumption of detention, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. §§ 3142(e)(1), (e)(2)(E), (f)(1)(A). The presumption operates to shift the burden of production to the defendant. *United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008). The prosecution has the burden of persuasion. *Id.* If the defendant proffers evidence to rebut the statutory presumption, this does not mean the presumption has been erased; it simply means the presumption is an evidentiary finding that militates against release, and is weighed along with the other factors identified in 18 U.S.C. § 3142(g). *United States v. Hir,* 517 F.3d at 1086.

The four factors are: 1. Nature and seriousness of the charges; 2. Weight of the evidence against the defendant; 3. History and characteristics of the defendant; and 4. "Nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4). The Bail Reform Act recognizes that release should be the normal course, and "detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). In evaluating whether the defendant poses a serious potential for dangerousness, it is not necessary for the government to produce, or for the Court to rely on, evidence of prior convictions for violent crimes. *United States v. Hir,* 517 F.3d at 1091-92; *United States v. Rodriguez,* 950 F.2d 85, 88-89 (2d Cir. 1991).

Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions of release

2

that would effectively mitigate the potential for dangerousness to others or to the community.

The current offenses were allegedly committed while Mr. Turrey was in sexual situations with his daughters where no other people who were present or nearby were aware of what was happening, and therefore he avoided third party witnesses. Dkt. 1, e.g., Complaint, at 4 (allegation of sexual abuse that occurred while defendant was on the bed in the parents' room, with daughter MV 1, who stated she was "terrified", and was only six or seven years old at the time), and 7 (MV 2 stated that the defendant told her she had to be quiet so she would not wake up her siblings while he was touching and penetrating her vagina). And, the government asserts that Mr. Turrey has made inculpatory statements in 2016, and again in 2021, to his ex-wife, one of his daughters, and to his son. See Dkt. 1, Complaint, at 5, 9.

The facts alleged in the Complaint, and the additional facts of the government's proffer, convince the Court that his threat to the community continues and his behavior cannot be successfully controlled by imposing structured supervision. These allegations include threats, where Mr. Turrey allegedly told one of his daughters that if she told anyone about the sexual assaults, he would then sexually assault her younger siblings. Dkt. 1, Complaint, at 6-7. Such surreptitious behavior, and threatening conduct toward an alleged minor victim, shows that Mr. Turrey has allegedly manipulated trusted family relationships, used secrecy, and made threats, as ways he committed these offenses. Using secrecy, manipulating relationships, or making threats, would

indicate he would be likely to evade detection if he were to violate conditions while on supervised release.

During the hearing, the Court heard defense evidence of Mr. Turrey's impressive record of military service and success in civilian work. The defense explained that Mr. Turrey has community support and many friends who are willing to help him find work, and to provide a home where he can live during pretrial proceedings. And, the defense proposed that Mr. Turrey should be released to live with friends. Dkt. 23, Dkt. 26, and exhibits incorporated by reference. The pretrial officer confirmed this information. Dkt. 25. Mr. Turrey has significant ties to the community, and is economically stable.

The Court agrees with the Supplemental Pretrial Services Report (Dkt. 25), and finds none of these options would be a viable release plan under the Bail Reform Act, because the Court cannot effectively prevent the defendant from leaving these locations or from having visitors come to see him at such locations. In addition, the pretrial officer noted that one of the victims alleged he was sometimes drunk when the sexual offenses happened. Dkt. 1 at 8; Dkt. 25 at 4. Even with electronic location monitoring, the defendant would potentially be able to obtain access to minors, and access to alcohol, because these would not be locked facilities – the Court finds that, based on the allegations of repeated sexual abuse, including rape allegations, and threats, against minor children over several years, as well as inculpatory statements of the defendant, a locked facility is necessary to protect the community.

This finding is based on:

1) the nature and circumstances of the charged offenses, including allegations of repeated sexual abuse including rape, against minor children, and violence, with threats;

2) the weight of the evidence against the person;

3) the history and characteristics of the person;

4) no criminal history;

5) no history of failure to appear; and

6) the nature and seriousness of the danger release would impose to any person or the community.

*Order of Detention*

< The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

< The defendant shall be afforded reasonable opportunity for private consultation with counsel.

< The defendant shall on order of a court of the United States or on request of an attorney for the government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 10th day of December 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

5