**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. CR21-5385 BHS |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | DEFENDANT'S MOTIONS IN LIMINE |
| | ) | |
| JOSEPH ANTHONY TURREY, | ) | |
| | ) | |
| | **)** | |
| Defendant. | ) | |
| | ) | |

I. INTRODUCTION

JOSEPH ANTHONY TURREY, through his attorney JULIAN E. ST. MARIE, respectfully moves this Court for an Order excluding evidence of alleged other acts of sexual molestation. While the presumption is in favor of admission under Fed. R. Evid. 414, this type of evidence is still subject to the limits of relevancy under Fed. R. Evid. 403. As explained below, the prejudicial effect of the proffered evidence in this case far outweighs what little relevance it might have. Potentially devastating evidence of little or no relevance should be excluded under Rule 403.

Mr. Turrey faces a total of seven counts: four counts of aggravated sexual abuse of a minor, in violation of 18 U.S.C. §§2241(c) and 2246(2) (A),(C) and (D), one count of abusive sexual contact in violation of 18 U.S.C. §§2244(a)(5), 2246(3), and two counts of sexual abuse of minor

DEFENSE MOTIONS IN LIMINE

JULIAN E. ST. MARIE
ST. MARIE LAW, PLLC
2035 E. SIMS WAY
PORT TOWNSEND, WA
(360) 531-6505
JULIE@STMARIELAW.COM

in violation of 18 U.S.C. §§ 2243(a) and 2346(2)(A) and (B). MV1 is the subject of count 1; MV2 is the subject of counts 1-7. MV1 and MV2 are sisters.

The government seeks to admit one prior alleged "other act" against MV2, alleged to have occurred at Great Wolf Lodge in Oregon. In addition, the government seeks to admit one prior alleged "other act" against MV3, a third sister, alleged to have occurred at Squaxon Island Reservation during the Intertribal Canoe Journey of 2012. Defense objects to the admission of MV3's testimony.

After MV2, in a state of extreme intoxication, told her sister, K.G., their father had repeatedly raped and molested her over a period of years more than six years ago. K.G. then confronted MV1 to find out if anything similar happened to MV1. MV1 claimed for the first time that Mr. Turrey had once touched her genital area when she was very young, more than six years prior. MV3 claimed Mr. Turrey had once touched her genital area, also more than six years prior.

 In striking contrast to MV2's allegations, MV3 alleges this was a one-time occurrence. MV3's testimony is not necessary for a jury to find Mr. Turrey guilty as charged of the crimes alleged against MV1 and MV2. MV3 's testimony is highly prejudicial and outweighs the probative value. This court should exclude MV3's testimony under both Fed. R. Evid. 414 and 404(b).

II.  ARGUMENT

**1. This court should exclude testimony about "other act "evidence by alleged MV3 under Fed. R. Evid. 414.**

In sexual assault cases, Rule 414 permits the admission of evidence of prior sexual assaults. Fed. R. Evid. 414(a). "The evidence may be considered on any matter to which it is relevant." *Id.*

In deciding whether to admit evidence under the Fed.  Rule 414 should consider:

(1) "the similarity of the prior acts to the acts charged," (2) the "closeness in time of the prior acts to the acts charged," (3) "the frequency of the prior acts," (4) the "presence or lack of

DEFENSE MOTIONS IN LIMINE

JULIAN E. ST. MARIE
ST. MARIE LAW, PLLC
2035 E. SIMS WAY
PORT TOWNSEND, WA
(360) 531-6505
JULIE@STMARIELAW.COM

intervening circumstances," and (5) "the necessity of [the] evidence beyond the testimonies already offered at trial." *United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001) (quoting *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000)).

In this case, the one-time occurrence of molestation alleged by MV3 is not like the acts charged, at least with respect to MV2. Unlike MV2, MV 3 doesn't claim she was repeatedly molested and raped. MV3 makes no claims Mr. Turrey threatened to touch her sisters if she didn't allow it.

In addition, the government's proffered evidence with respect to MV3 is not to prove the multiple counts alleged with respect to MV1 and MV2. While MV3's proffered testimony has little probative value, it would be hugely prejudicial. Under Fed. R. 403, the evidence should be excluded.

Rule 414 is not a blank check entitling the government to introduce whatever evidence it wishes, no matter how minimally relevant and potentially devastating to the defendant. *Id.*

**2. The government's proffered "other act" evidence should be excluded pursuant to Fed. R. Evid. 404(b).**

Evidence of a defendant's prior conviction, wrong, or other act is inadmissible to prove the defendant's bad character or propensity to commit the charged offenses. *United States v. Vo*, 413 F.3d 1010, 1017 (9th Cir.2005). However, evidence of a prior act is admissible for nonpropensity purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed.R.Evid. 404(b).

Rule 404(b) evidence is admissible if it satisfies a four-part test. *United States v. Montgomery*, 150 F.3d 983, 1000 (9th Cir.1998). The proponent of the 404(b) evidence must show that the evidence (1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on

DEFENSE MOTIONS IN LIMINE

JULIAN E. ST. MARIE
ST. MARIE LAW, PLLC
2035 E. SIMS WAY
PORT TOWNSEND, WA
(360) 531-6505
JULIE@STMARIELAW.COM

sufficient evidence, and (4) is not too remote in time. *Ramirez–Robles*, 386 F.3d at 1242. As argued above, key differences exist between MV2's claims and MV3's claims. More important, the evidence of MV3's claim is scant. There is no witness or corroborating evidence. The evidence should be excluded pursuant to Fed. R. Evid. 404(b).

**ADDITIONAL DEFENSE MOTIONS IN LIMINE:**

**3. To prevent the Government in its opening statement, or closing argument, to express its personal opinion about the credibility of any witness or the guilt/innocence of the accused.**

It is improper for a prosecutor, or for Government witnesses to invade the province of the jury, to express a personal opinion about the credibility of a witness and the guilty or innocence of the accused. *United States v. Rudberg*, 122 F.3d 1199 (9th Cir. 1997).

**4. To prohibit any mention by the Government or any witness that the defendant has retained counsel.**

Plaintiff should be prohibited from making any reference to the circumstances or terms under which the defendant employed his attorney. Such reference is irrelevant and would serve only to confuse the jury. VI Amendment; *State v. Sexsmith*, 186 Wash. 345, 57 P.2d 1249 (1936); FRE 402.

5. **To prevent the Government from asking any witness to judge whether or not another witness is lying**.

Asking a witness to judge whether or not another witness is lying invades the province of the jury. *United States v. Sanchez-Lima*, 161 F.3d 545 (9th Cir. 1998).

6. **To prevent the Government from introducing any evidence of awards and/or commendations that any witness for the Government may have received, including but not necessarily limited to law enforcement personnel**.

Such evidence is not probative of an officer's truthfulness. More importantly, it is particularly likely to taint the jury and is improper character evidence. State v. Smith, 67 Wn.App. 838 (1993); State v. Heaton, 149 Wash. 452 (1928) (prosecutors should not bolster a police witness good character).

DEFENSE MOTIONS IN LIMINE

JULIAN E. ST. MARIE
ST. MARIE LAW, PLLC
2035 E. SIMS WAY
PORT TOWNSEND, WA
(360) 531-6505
JULIE@STMARIELAW.COM

In addition, this evidence is irrelevant under FRE 402 and any probative value is substantially outweighed by the danger of unfair prejudice pursuant to FRE 403. Furthermore, this evidence is hearsay and therefore not admissible pursuant to FRE 801.

DATED this 29th day of July, 2022.

          Respectfully submitted,

          **ST. MARIE LAW, PLLC**

          s/Julian E. St. Marie
          JULIAN E. ST. MARIE, WSBA 27268

### CERTIFICATE OF SERVICE

I hereby certify that on July 29th, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant and the Government.

Kristine Foerster
Assistant United States Attorney
United States Western District of Washington
1201 Pacific Avenue, Suite 700
Tacoma, Washington. 98402
(253) 428-3800

          ST. MARIE LAW, PLLC

          s/Julian E. St. Marie

          JULIAN E. ST. MARIE, WSBA 27268
          Attorney at Law
          Attorney for Defendant

DEFENSE MOTIONS IN LIMINE

JULIAN E. ST. MARIE
ST. MARIE LAW, PLLC
2035 E. SIMS WAY
PORT TOWNSEND, WA
(360) 531-6505
JULIE@STMARIELAW.COM