The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR21-5385BHS |
| Plaintiff, | **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED)** |
| v. | |
| JOSEPH DANIEL TURREY, | |
| Defendant. | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS (CITED)

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*/s/Kristine Foerster*
KRISTINE FOERSTER
WILLIAM DREHER
Assistant United States Attorneys
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Telephone: 253-428-3800
Facsimile: 253-428-3826

| Preliminary Instruction No. | Description | 9th Circuit Model No. | Page No. |
|---|---|---|---|
| 1 | Unconscious Bias Instruction | WDWA Unconscious Bias Instruction | 4 |
| 2 | Duty of Jury & Unconscious Bias Instruction | 1.1 | 5 |
| 3 | The Charge - Presumption of Innocence | 1.2 | 6-10 |
| 4 | Reasonable Doubt - Defined | 6.5 | 11 |
| 5 | What is Evidence | 1.3 | 12 |
| 6 | What is Not Evidence | 1.4 | 13 |
| 7 | Direct and Circumstantial Evidence | 1.5 | 14 |
| 8 | Ruling on Objections | 1.6 | 15 |
| 9 | Credibility of Witnesses & Unconscious Bias Instruction | 1.7 | 16 |
| 10 | Conduct of the Jury | 1.8 | 17-19 |
| 11 | No Transcript Available to Jury | 1.9 | 20 |
| 12 | Taking Notes | 1.10 | 21 |
| 13 | Outline of Trial | 1.11 | 22 |
| 14 | Bench Conferences and Recesses | 1.16 | 23 |
| 15 | Cautionary Instructions – First Recess | 2.1 | 24-25 |

| Instructions During Course of Trial No. | Description | 9th Circuit Model No. | Page No. |
|---|---|---|---|
| 1 | Stipulations of Fact | 2.3 | 26 |
| 2 | Transcript of Recording in English | 2.6 | 27 |

| Final Instruction No. | Description | 9th Circuit Model No. | Page No. |
|---|---|---|---|
| 1 | Duties of Jury to Find Facts and Follow Law | 6.1 | 28 |
| 2 | Charge Against Defendant Not Evidence – Presumption of Innocence- Burden of Proof | 6.2 | 29 |
| 3 | Defendant's Decision Not to Testify | 6.3 | 30 |
| 4 | Defendant's Decision to Testify | 6.4 | 30 |
| 5 | Reasonable Doubt - Defined | 6.5 | 31 |
| 6 | What is Evidence | 6.6 | 32 |
| 7 | What is Not Evidence | 6.7 | 33 |

United States' Proposed Jury Instructions - 2
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

| 8 | Direct and Circumstantial Evidence | 6.8 | 34 |
|----|----|----|----|
| 9 | Credibility of Witnesses | 6.9 | 35-36 |
| 10 | Activities Not Charged | 6.10 | 37 |
| 11 | Separate Consideration of Multiple Counts – Single Defendant | 6.11 | 38 |
| 12 | On or About – Defined | 6.18 | 39 |
| 13 | Statements by Defendant | 3.1 | 40 |
| 14 | Similar Acts in Sexual Assault and Child Molestation Cases | 2.11 | 41 |
| 15 | Opinion Evidence, Expert Witness | 3.14 | 42 |
| 16 | Aggravated Sexual Abuse of a Minor (MV2) (Count 1) | 20.5 18 U.S.C. § 2241(c) | 43 |
| 17 | Knowingly | 4.8 | 44 |
| 18 | Aggravated Sexual Abuse of a Minor (MV2) (Count 2) | 20.5 18 U.S.C. § 2241(c) | 45 |
| 19 | Aggravated Sexual Abuse of a Minor (MV2) (Count 3) | 20.5 18 U.S.C. § 2241(c) | 46 |
| 20 | Aggravated Sexual Abuse of a Minor (MV2) (Count 4) | 20.5 18 U.S.C. § 2241(c) | 47 |
| 21 | Aggravated Sexual Abuse of a Minor (MV2) (Count 5) | 20.5 18 U.S.C. § 2241(c) | 48 |
| 22 | Aggravated Sexual Abuse of a Minor (MV2) (Count 6) | 20.5 18 U.S.C. § 2241(c) | 49 |
| 23 | Abusive Sexual Contact (MV2) (Count 7) | 20.16 18 U.S.C. § 2244(a) | 50 |
| 24 | Sexual Abuse of a Minor (MV2) (Count 8) | 20.11 18 U.S.C. § 2243(a) | 51 |
| 25 | Sexual Abuse of a Minor (MV2) (Count 9) | 20.11 18 U.S.C. § 2243(a) | 52 |
| 26 | Determination of Indian Status for Offenses Committed Within Indian Country | 24.14, 2.3 | 53 |
| 27 | Duty to Deliberate | 6.19 | 54-55 |
| 28 | Consideration of Evidence | 6.20 | 56-57 |
| 29 | Use of Notes | 6.21 | 58 |
| 30 | Jury Consideration of Punishment | 6.22 | 59 |
| 31 | Verdict Form | 6.23 | 60 |
| 32 | Communication With Court | 6.24 | 61 |

United States' Proposed Jury Instructions - 3
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1
2
## PROPOSED PRELIMINARY INSTRUCTION NO. 1
3
INSTRUCTION NO. _
4
*To be given to the entire panel before jury selection:*
5       It is important that you discharge your duties without discrimination, meaning that
6   bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender
7   identity, or gender of the defendant, any witnesses, and the lawyers should play no part in
8   the exercise of your judgment throughout the trial.
9       Accordingly, during this voir dire and jury selection process, I and the lawyers
10  may ask questions related to the issues of bias and unconscious bias.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27  Western District of Washington, Preliminary Unconscious Bias Instruction.
28

United States' Proposed Jury Instructions - 4
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED PRELIMINARY INSTRUCTION NO. 2

INSTRUCTION NO. __

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed [written] instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Model Jury Instruction - 1.1 (2022 Edition)
*Approved Dec. 2021*

United States' Proposed Jury Instructions - 5
Turrey/CR21-5385 BHS

## PROPOSED PRELIMINARY INSTRUCTION NO. 3

### INSTRUCTION NO. __

This is a criminal case brought by the United States government.  The government charges defendant Joseph Turrey with nine offenses.  The charges are contained in a Second Superseding Indictment.  The Second Superseding Indictment simply describes the charges the government brings against the defendant.  The Second Superseding Indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case.

The defendant is charged in Counts One, Two, Three, Four, Five, and Six with Aggravated Sexual Abuse of a Minor, in violation of Section 2241(c) of Title 18 of the United States Code.

To find the defendant guilty of Count One, the government must prove that:

      First, the defendant is an Indian;

      Second, the defendant knowingly engaged in a sexual act with S.T., that is the intentional touching, not through the clothing, of the genitalia of S.T. with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

      Third, S.T. had not at the time of that act reached the age of twelve years;

      Fourth, the sexual act occurred at 71 Snow Caps Lane, Port Angeles, Washington, which I instruct you is in Indian Country.

United States' Proposed Jury Instructions - 6
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

To find the defendant guilty of Count Two, the government must prove that:

First, the defendant is an Indian;

Second, the defendant knowingly engaged in a sexual act with E.T., that is the penetration, however slight, of the genital opening of E.T. by a finger, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

Third, E.T. had not at the time of that act reached the age of twelve years;

Fourth, the sexual act occurred at 71 Snow Caps Lane, Port Angeles, Washington, which I instruct you is in Indian Country.

To find the defendant guilty of Count Three, the government must prove that:

First, the defendant is an Indian;

Second, the defendant knowingly engaged in a sexual act with E.T., that is the intentional touching, not through the clothing, of the genitalia of E.T. with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

Third, E.T. had not at the time of that act reached the age of twelve years;

Fourth, the sexual act occurred at 71 Snow Caps Lane, Port Angeles, Washington, which I instruct you is in Indian Country.

To find the defendant guilty of Count Four, the government must prove that:

First, the defendant is an Indian;

Second, the defendant knowingly engaged in a sexual act with E.T., that is contact between the penis and vulva, specifically penetration, however slight;

United States' Proposed Jury Instructions - 7
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Third, E.T. had not at the time of that act reached the age of twelve years;

Fourth, the sexual act occurred at Great Wolf Lodge located at 20500 Old Hwy 99 SW, Centralia, Washington, which I instruct you is in Indian Country.

To find the defendant guilty of Count Five, the government must prove that:

First, the defendant is an Indian;

Second, the defendant knowingly engaged in a sexual act with E.T., that is contact between the penis and the mouth;

Third, E.T. had not at the time of that act reached the age of twelve years;

Fourth, the sexual act occurred at Great Wolf Lodge located at 20500 Old Hwy 99 SW, Centralia, Washington, which I instruct you is in Indian Country.

To find the defendant guilty of Count Six, the government must prove that:

First, the defendant is an Indian;

Second, the defendant knowingly engaged in a sexual act with E.T., that is contact between the penis and vulva, specifically penetration, however slight;

Third, E.T. had not at the time of that act reached the age of twelve years;

Fourth, the sexual act occurred at 71 Snow Caps Lane, Port Angeles, Washington, which I instruct you is in Indian Country.

The defendant is charged in Count Seven with Abusive Sexual Contact, in violation of Section 2244(a)(5) of Title 18 of the United States Code. To find the defendant guilty of that violation, the government must prove that:

United States' Proposed Jury Instructions - 8
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

First, the defendant is an Indian;

Second, the defendant knowingly engaged in sexual contact with E.T., that is the defendant intentionally caused the touching of his penis by E.T., with an intent to abuse, humiliate, harass, degrade, and arouse or gratify the sexual desire of any person;

Third, E.T. had not at the time of that contact reached the age of twelve years;

Fourth, the sexual contact occurred at 71 Snow Caps Lane, Port Angeles, Washington, which I instruct you is in Indian Country.

The defendant is charged in Counts Eight and Nine with Sexual Abuse of a Minor, in violation of Section 2243(a) of Title 18 of the United States Code.

To find the defendant guilty of Count Eight, the government must prove that:

First, the defendant is an Indian;

Second, the defendant knowingly engaged in a sexual act with E.T., that is contact between the penis and vulva, specifically penetration, however slight;

Third, E.T. had at the time of that act reached the age of twelve years but had not yet reached the age of sixteen years;

Fourth, E.T. was at least four years younger than the defendant;

Fourth, the sexual act occurred at 71 Snow Caps Lane, Port Angeles, Washington, which I instruct you is in Indian Country.

To find the defendant guilty of Count Nine, the government must prove that:

First, the defendant is an Indian;

United States' Proposed Jury Instructions - 9
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

2        Second, the defendant knowingly engaged in a sexual act with E.T., that is

3        contact between the penis and the mouth;

4        Third, E.T. had at the time of that act reached the age of twelve years but

5        had not yet reached the age of sixteen years;

6        Fourth, E.T. was at least four years younger than the defendant;

7        Fourth, the sexual act occurred at 71 Snow Caps Lane, Port Angeles,

8        Washington, which I instruct you is in Indian Country.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  Ninth Circuit Model Jury Instruction - 1.2 (2022 Edition)

28  *Approved Dec. 2021*

United States' Proposed Jury Instructions - 10
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## PROPOSED PRELIMINARY INSTRUCTION NO. 4

INSTRUCTION NO. ____

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Jury Instruction - 6.5 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 11
Turrey/CR21-5385 BHS

1
2
3
## PROPOSED PRELIMINARY INSTRUCTION NO. 5
4
INSTRUCTION NO. __
5
The evidence you are to consider in deciding what the facts are consists of:
6
1.      The sworn testimony of any witness;
7
2.      The exhibits which are received in evidence; and
8
3.      Any facts to which the parties agree.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
Ninth Circuit Model Jury Instruction - 1.3 (2022 Edition)
28
*Approved Dec. 2021*

United States' Proposed Jury Instructions - 12
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED PRELIMINARY INSTRUCTION NO. 6

INSTRUCTION NO. __

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1.      Statements and arguments of the attorneys;

2.      Questions and objections of the attorneys;

3.      Testimony that I instruct you to disregard; and

4.      Anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Jury Instruction - 1.4 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 13
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## PROPOSED PRELIMINARY INSTRUCTION NO. 7

INSTRUCTION NO. __

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Jury Instruction - 1.5 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 14
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

2

## PROPOSED PRELIMINARY INSTRUCTION NO. 8

3

INSTRUCTION NO. __

4

There are rules of evidence that control what can be received in evidence.  When a

5

lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side

6

thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I

7

overrule the objection, the question may be answered or the exhibit received.  If I sustain

8

the objection, the question cannot be answered, or the exhibit cannot be received.

9

Whenever I sustain an objection to a question, you must ignore the question and must not

10

guess what the answer would have been.

11

Sometimes I may order that evidence be stricken from the record and that you

12

disregard or ignore the evidence.  That means that when you are deciding the case, you

13

must not consider the evidence that I told you to disregard.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Ninth Circuit Model Jury Instruction - 1.6 (2022 Edition)

28

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 15
Turrey/CR21-5385 BHS

## PROPOSED PRELIMINARY INSTRUCTION NO. 9

INSTRUCTION NO. __

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Ninth Circuit Jury Instruction – 1.7 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 16
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED PRELIMINARY INSTRUCTION NO. 10

INSTRUCTION NO. __

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts

United States' Proposed Jury Instructions - 17
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

United States' Proposed Jury Instructions - 18
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Ninth Circuit Model Jury Instruction - 1.8 (2022 Edition)

*Approved Dec. 2021*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED PRELIMINARY INSTRUCTION NO. 11

INSTRUCTION NO. __

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Jury Instruction - 1.9 (2022 Edition)

Approved Dec. 2021

## PROPOSED PRELIMINARY INSTRUCTION NO. 12

INSTRUCTION NO. __

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left on your seats in the courtroom where they will not be disturbed.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Jury Instruction - 1.10 (2022 Edition)
*Approved Dec. 2021*

United States' Proposed Jury Instructions - 21
Turrey/CR21-5385 BHS

1
2
3

## **PROPOSED PRELIMINARY INSTRUCTION NO. 13**

INSTRUCTION NO. __

4     The next phase of the trial will now begin.  First, each side may make an opening

5  statement.  An opening statement is not evidence.  It is simply an outline to help you

6  understand what that party expects the evidence will show.  A party is not required to

7  make an opening statement.

8     The government will then present evidence and counsel for the defendant may

9  cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the

10  government may cross-examine.

11     After the evidence has been presented, I will instruct you on the law that applies to

12  the case and the attorneys will make closing arguments.

13     After that, you will go to the jury room to deliberate on your verdict.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ninth Circuit Model Jury Instruction - 1.11 (2022 Edition)

*Approved Dec. 2021*)

United States' Proposed Jury Instructions - 22
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED PRELIMINARY INSTRUCTION NO. 14

INSTRUCTION NO. __

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Jury Instruction – 1.16 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 23
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## PROPOSED PRELIMINARY INSTRUCTION NO. 15

INSTRUCTION NO. __

At the End of Each Day of the Case:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

At the Beginning of Each Day of the Case:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.]

United States' Proposed Jury Instructions - 24
Turrey/CR21-5385 BHS

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

Ninth Circuit Model Jury Instruction - 2.1 (2022 Edition)

*Approved Dec. 2021*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PROPOSED INSTRUCTION DURING COURSE OF TRIAL NO. 1**

INSTRUCTION NO. ____

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Model Jury Instruction 2.3 - (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 26
Turrey/CR21-5385 BHS

1
2
3

## **PROPOSED INSTRUCTION DURING COURSE OF TRIAL NO. 2**

INSTRUCTION NO. _____

4      You are about to hear and watch a recording that has been received in evidence.

5  Please listen to it very carefully. Each of you has been given a transcript of the recording

6  to help you identify speakers and as a guide to help you listen to the recording. However,

7  bear in mind that the recording is the evidence, not the transcript. If you hear something

8  different from what appears in the transcript, what you hear is controlling. After the

9  recording has been played, the transcript will be taken from you.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

26  Ninth Circuit Model Jury Instruction - 2.6 (2022 Edition)

27  *Approved Dec. 2021*

28

United States' Proposed Jury Instructions - 27
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## PROPOSED FINAL INSTRUCTION NO. 1

INSTRUCTION NO. ____

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Model Jury Instruction - 6.1 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 28
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED FINAL INSTRUCTION NO. 2

INSTRUCTION NO. _____

The Second Superseding Indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction - 6.2 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 29
Turrey/CR21-5385 BHS

## **PROPOSED FINAL INSTRUCTION NO. 3**

INSTRUCTION NO. __

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

Ninth Circuit Model Jury Instruction - 6.3 (2022 Edition)

*Approved Dec. 2021*

**OR**

## **PROPOSED FINAL INSTRUCTION NO. 4**

INSTRUCTION NO. __

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Jury Instruction - 6.4 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 30
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED FINAL INSTRUCTION NO. 5

INSTRUCTION NO. _____

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Jury Instruction - 6.5 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 31
Turrey/CR21-5385 BHS

1
2
3
4

## <u>PROPOSED FINAL INSTRUCTION NO. 6</u>

INSTRUCTION NO. ____

5  The evidence you are to consider in deciding what the facts are consists of:

6  (1)   the sworn testimony of any witness;

7  (2)   the exhibits received in evidence; and

8  (3)   any facts to which the parties have agreed.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27  Ninth Circuit Model Jury Instruction - 6.6 (2022 Edition)
28  *Approved Dec. 2021*

United States' Proposed Jury Instructions - 32
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED FINAL INSTRUCTION NO. 7

INSTRUCTION NO. _____

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

    1.     Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

    2.     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

    3.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Jury Instruction - 6.7 (2022 Edition)
*Approved Dec. 2021*

United States' Proposed Jury Instructions - 33
Turrey/CR21-5385 BHS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED FINAL INSTRUCTION NO. 8

INSTRUCTION NO. _____

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Jury Instruction - 6.8 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 34
Turrey/CR21-5385 BHS

## PROPOSED FINAL INSTRUCTION NO. 9

INSTRUCTION NO. _____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

United States' Proposed Jury Instructions - 35
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Jury Instruction - 6.9 (2022 Edition)

*Approved Dec. 2021*

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

## PROPOSED FINAL INSTRUCTION NO. 10

2

INSTRUCTION NO. _____

3

4

You are here only to determine whether the defendant is guilty or not guilty of the

5

charges in the Second Superseding Indictment. The defendant is not on trial for any

6

conduct or offense not charged in the Second Superseding Indictment.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Ninth Circuit Model Jury Instruction - 6.10 (2022 Edition)

28

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 37
Turrey/CR21-5385 BHS

1

## PROPOSED FINAL INSTRUCTION NO. 11

2

INSTRUCTION NO. _____

3

4

A separate crime is charged against the defendant in each count.  You must decide

5

each count separately.  Your verdict on one count should not control your verdict on any

6

other count.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Ninth Circuit Model Jury Instruction - 6.11 (2022 Edition)

28

*Approved Dec. 2021*

## PROPOSED FINAL INSTRUCTION NO. 12

INSTRUCTION NO. _____

The Second Superseding Indictment charges that the offenses alleged in Counts One through Nine were committed on "an unknown date on or between" two dates specified in those counts.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date on or between the two dates specified in each count of the Second Superseding Indictment, it is not necessary for the government to prove nor for you to find the particular date within that date range on which the offense was committed, as long as you find beyond a reasonable doubt that the offense occurred within that date range.

Adapted from Ninth Circuit Model Jury Instruction - 6.18 (2022 Edition)

*Approved Dec. 2021*

## PROPOSED FINAL INSTRUCTION NO. 13

INSTRUCTION NO. _____


You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Jury Instruction - 3.1 (2020 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 40
Turrey/CR21-5385 BHS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED FINAL INSTRUCTION NO. 14

INSTRUCTION NO. _____

You are about to hear evidence that the defendant may have committed a similar offense of child molestation.

You may use this evidence to decide whether the defendant committed the act charged in the Second Superseding Indictment. You may not convict the defendant simply because he may have committed other unlawful acts. You may give this evidence such weight as you think it should receive or no weight.

Ninth Circuit Model Jury Instruction - 2.11 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 41
Turrey/CR21-5385 BHS

## PROPOSED FINAL INSTRUCTION NO. 15

INSTRUCTION NO. _____

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Jury Instruction - 3.14 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 42
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1
2

## PROPOSED FINAL INSTRUCTION NO. 16

INSTRUCTION NO. ____

3
4
5
6
7
8

The defendant is charged in Count One with aggravated sexual abuse of a minor, S.T., in violation of Section 2241(c) of Title 18 of the United States Code, on an unknown date on or between January 25, 2013 and January 24, 2015.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each count:

9

First, the defendant is an Indian;

10

Second, the defendant knowingly engaged in a sexual act with S.T.;

11

Third, at the time of the sexual act, S.T. was under the age of twelve years old;

12
13

Fourth, the sexual act occurred at 71 Snow Caps Lane, Port Angeles, Washington, which I instruct you is in Indian Country;

14
15
16
17

For this Count, "sexual act" means the intentional touching, not through the clothing, of the genitalia of S.T. with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18
19
20
21

The government need not prove that the defendant knew the victim's age or that the defendant knew that the victim was under the age of twelve.

22
23
24
25
26
27
28

Ninth Circuit Model Jury Instruction – 20.5 (2022 Edition)

*Approved Dec. 2021*

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## PROPOSED FINAL INSTRUCTION NO. 17

INSTRUCTION NO. _____

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Jury Instruction – 4.8 (2022 Edition)

*Approved Dec. 2021*

## PROPOSED FINAL INSTRUCTION NO. 18

INSTRUCTION NO. _____

The defendant is charged in Count Two with aggravated sexual abuse of a minor, E.T., in violation of Section 2241(c) of Title 18 of the United States Code, on an unknown date on or between August 23, 2008, and August 23, 2010.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each count:

First, the defendant is an Indian;

Second, the defendant knowingly engaged in a sexual act with E.T.;

Third, at the time of the sexual act, E.T. was under the age of twelve years old;

Fourth, the sexual act occurred at 71 Snow Caps Lane, Port Angeles, Washington, which I instruct you is in Indian Country.


For this Count, "sexual act" means the penetration, however slight, of the genital opening of E.T. by a finger, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.


The government need not prove that the defendant knew the victim's age or that the defendant knew that the victim was under the age of twelve.

Ninth Circuit Model Jury Instruction – 20.5 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 45
Turrey/CR21-5385 BHS

1

## PROPOSED FINAL INSTRUCTION NO. 19

2

INSTRUCTION NO. ____

3

4    The defendant is charged in Count Three with aggravated sexual abuse of a minor,

5    E.T., in violation of Section 2241(c) of Title 18 of the United States Code, on an

6    unknown date on or between August 23, 2008, and August 23, 2010.  In order for the

7    defendant to be found guilty of that charge, the government must prove each of the

8    following elements beyond a reasonable doubt as to each count:

9        First, the defendant is an Indian;

10       Second, the defendant knowingly engaged in a sexual act with E.T.;

11       Third, at the time of the sexual act, E.T. was under the age of twelve years old;

12       Fourth, the sexual act occurred at 71 Snow Caps Lane, Port Angeles, Washington,

13       which I instruct you is in Indian Country.

14

15       For this Count, "sexual act" means the intentional touching, not through the

16   clothing, of the genitalia of E.T. with an intent to abuse, humiliate, harass, degrade, or

17   arouse or gratify the sexual desire of any person.

18

19       The government need not prove that the defendant knew the victim's age or that

20   the defendant knew that the victim was under the age of twelve.

21

22

23

24

25

26

27   Ninth Circuit Model Jury Instruction – 20.5 (2022 Edition)

28   *Approved Dec. 2021*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED FINAL INSTRUCTION NO. 20

INSTRUCTION NO. _____

The defendant is charged in Count Four with aggravated sexual abuse of a minor, E.T., in violation of Section 2241(c) of Title 18 of the United States Code, on an unknown date on or between April 1, 2012, and May 30, 2012.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each count:

First, the defendant is an Indian;

Second, the defendant knowingly engaged in a sexual act with E.T.;

Third, at the time of the sexual act, E.T. was under the age of twelve years old;

Fourth, the sexual act occurred at Great Wolf Lodge located at 20500 Old Hwy 99 SW, Centralia, Washington, which I instruct you is in Indian Country.

For this Count, "sexual act" means contact between the penis and vulva, specifically penetration, however slight.

The government need not prove that the defendant knew the victim's age or that the defendant knew that the victim was under the age of twelve.

Ninth Circuit Model Jury Instruction – 20.5 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 47
Turrey/CR21-5385 BHS

## PROPOSED FINAL INSTRUCTION NO. 21

INSTRUCTION NO. _____

The defendant is charged in Count Five with aggravated sexual abuse of a minor, E.T., in violation of Section 2241(c) of Title 18 of the United States Code, on an unknown date on or between April 1, 2012, and May 30, 2012. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each count:

First, the defendant is an Indian;

Second, the defendant knowingly engaged in a sexual act with E.T.;

Third, at the time of the sexual act, E.T. was under the age of twelve years old;

Fourth, the sexual act occurred at Great Wolf Lodge located at 20500 Old Hwy 99 SW, Centralia, Washington, which I instruct you is in Indian Country.

For this Count, "sexual act" means contact between the penis and the mouth.

The government need not prove that the defendant knew the victim's age or that the defendant knew that the victim was under the age of twelve.

Ninth Circuit Model Jury Instruction – 20.5 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 48
Turrey/CR21-5385 BHS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED FINAL INSTRUCTION NO. 22

INSTRUCTION NO. _____

The defendant is charged in Count Six with aggravated sexual abuse of a minor, E.T., in violation of Section 2241(c) of Title 18 of the United States Code, on an unknown date on or between May 1, 2012, and August 22, 2014.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each count:

First, the defendant is an Indian;

Second, the defendant knowingly engaged in a sexual act with E.T.;

Third, at the time of the sexual act, E.T. was under the age of twelve years old;

Fourth, the sexual act occurred at 71 Snow Caps Lane, Port Angeles, Washington, which I instruct you is in Indian Country.

For this Count, "sexual act" means contact between the penis and vulva, specifically penetration, however slight.

The government need not prove that the defendant knew the victim's age or that the defendant knew that the victim was under the age of twelve.

Ninth Circuit Model Jury Instruction – 20.5 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 49
Turrey/CR21-5385 BHS

## PROPOSED FINAL INSTRUCTION NO. 23

INSTRUCTION NO. _____

The defendant is charged in Count Seven with abusive sexual contact in violation of Section 2244(a)(5) of Title 18 of the United States Code, on an unknown date on or between August 23, 2010, and August 22, 2014.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each count:

First, the defendant is an Indian;

Second, the defendant knowingly engaged in sexual contact with E.T.;

Third, at the time of the sexual contact, E.T. was under the age of twelve years old;

Fourth, the sexual contact occurred at 71 Snow Caps Lane, Port Angeles, Washington, which I instruct you is in Indian Country.


For this Count, "sexual contact" means that the defendant intentionally caused the touching of his penis by E.T., with an intent to abuse, humiliate, harass, degrade, and arouse or gratify the sexual desire of any person.


The government need not prove that the defendant knew the victim's age or that the defendant knew that the victim was under the age of twelve.

Ninth Circuit Model Jury Instruction – 20.16 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 50
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## PROPOSED FINAL INSTRUCTION NO. 24

INSTRUCTION NO. _____

The defendant is charged in Count Eight with sexual abuse of a minor in violation of Section 2243(a) of Title 18 of the United States Code, on an unknown date on or between August 1, 2015, and August 31, 2016.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each count:

First, the defendant is an Indian;

Second, the defendant knowingly engaged in a sexual act with E.T.;

Third, at the time of the sexual act, E.T. was at least twelve years old but had not yet reached the age of sixteen years old;

Fourth, E.T. was at least four years younger than the defendant; and

Fifth, the sexual act occurred at 71 Snow Caps Lane, Port Angeles, Washington, which I instruct you is in Indian Country.

For this Count, "sexual act" means contact between the penis and vulva, specifically penetration, however slight.

The government need not prove that the defendant knew the victim's age, knew that the victim was at least four years younger than the defendant, or knew that the victim was over the age of twelve or not yet sixteen years old.

Ninth Circuit Model Jury Instruction – 20.11 (2022 Edition)
*Approved Dec. 2021*

United States' Proposed Jury Instructions - 51
Turrey/CR21-5385 BHS

1
2

**PROPOSED FINAL INSTRUCTION NO. 25**

INSTRUCTION NO. _____

3
4

The defendant is charged in Count Nine with sexual abuse of a minor in violation

5

of Section 2243(a) of Title 18 of the United States Code, on an unknown date on or

6

between August 1, 2015, and August 31, 2016.  In order for the defendant to be found

7

guilty of that charge, the government must prove each of the following elements beyond

8

a reasonable doubt as to each count:

9

First, the defendant is an Indian;

10

Second, the defendant knowingly engaged in a sexual act with E.T.;

11

Third, at the time of the sexual act, E.T. was at least twelve years old but had not

12

yet reached the age of sixteen years old;

13

Fourth, E.T. was at least four years younger than the defendant; and

14

Fifth, the sexual act occurred at 71 Snow Caps Lane, Port Angeles, Washington,

15

which I instruct you is in Indian Country.

16
17

For this Count, "sexual act" means contact between the penis and the mouth.

18
19

The government need not prove that the defendant knew the victim's age, knew

20

that the victim was at least four years younger than the defendant, or knew that the victim

21

was over the age of twelve or not yet sixteen years old.

22
23
24
25
26
27

Ninth Circuit Model Jury Instruction – 20.11 (2022 Edition)

28

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 52
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## <u>PROPOSED FINAL INSTRUCTION NO. 26</u>

INSTRUCTION NO. ____

For the defendant to be found to be an Indian, the government must prove the following, beyond a reasonable doubt:

First, the defendant has some quantum of Indian blood, whether or not that blood is traceable to a member of a federally recognized tribe; and

Second, the defendant was a member of, or affiliated with, a federally recognized tribe at the time of the offense.

I instruct you that the Lower Elwha Klallam Tribe is a federally recognized tribe.

The parties have stipulated that the defendant is an Indian, meaning that the defendant has some quantum of Indian blood, whether or not that blood is traceable to a member of a federally recognized tribe; and that the defendant was a member of, or affiliated with, the Lower Elwha Klallam Tribe at the time of the offense.  You may accept these facts as having been proven beyond a reasonable doubt, and they are conclusively established.

Ninth Circuit Model Jury Instruction – 24.14, 2.3 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 53
Turrey/CR21-5385 BHS

## PROPOSED FINAL INSTRUCTION NO. 27

INSTRUCTION NO. ____

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Ninth Circuit Model Jury Instruction – 6.19 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 55
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## PROPOSED FINAL INSTRUCTION NO. 28

INSTRUCTION NO. _____

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

United States' Proposed Jury Instructions - 56
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Ninth Circuit Model Jury Instruction – 6.20 (2022 Edition)

*Approved Dec. 2021*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>PROPOSED FINAL INSTRUCTION NO. 29</u>

INSTRUCTION NO. _____

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Jury Instruction – 6.21 (2022 Edition)

*Approved Dec. 2021*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>PROPOSED FINAL INSTRUCTION NO. 30</u>

INSTRUCTION NO. _____

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction – 6.22 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 59
Turrey/CR21-5385 BHS

## PROPOSED FINAL INSTRUCTION NO. 31

INSTRUCTION NO. _____

A verdict form has been prepared for you. On the form, there is a place for you to indicate your unanimous verdict as to each Count charged against the defendant.

After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Jury Instruction – 6.23 (2022 Edition)

*Approved Dec. 2021*

United States' Proposed Jury Instructions - 60
Turrey/CR21-5385 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## PROPOSED FINAL INSTRUCTION NO. 32

INSTRUCTION NO. _____

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Jury Instruction – 6.24 (2022 Edition)

*Approved Dec. 2021*