# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| UNITED STATES,<br><br>                              Plaintiff,<br><br>vs.<br><br><br>JOSEPH ANTHONY TURREY,<br><br>                              Defendant. | No. CR21-5385 BHS<br><br>DEFENDANT'S SECOND MOTIONS IN LIMINE |

Defendant, JOSEPH ANTHONY TURREY, respectfully brings the following Motions *in Limine*:

1.  <u>To prevent the Prosecution from arguing that the defendant's attorney would not have failed to present favorable evidence if such evidence existed.</u>

    It is always improper for the Prosecution to attempt to shift the burden of proof. More importantly, it is improper argument by the Prosecution to argue that the defendant had a good defense attorney who would not have failed to present favorable evidence had any existed.

    Granted_____          Denied_____

DEFENDANT'S MOTIONS IN LIMINE

JULIAN E. ST. MARIE<br>ST. MARIE LAW, PLLC<br>2035 E. SIMS WAY<br>(360) 531-6505<br>JULIE@STMARIELAW.COM

2. <u>To prohibit reference or argument to the Defendant's failure to call any</u> <u>witness.</u>

The Prosecution bears the burden of proving each element of each offense. To refer to, imply or argue that the defendant failed to call any individual as a witness, if the defense decides not to call that witness, would unfairly shift the burden of proof to the defendant.

Granted_____               Denied_____

3. <u>To preclude/limit the prosecution from introducing into evidence hearsay</u> <u>statements, pursuant to ER 801(d)(1)(B).</u>

The Government's trial brief indicates it does not intend to introduce evidence of recordings or transcripts of recent law enforcement interviews during its case-in-chief.  The Government argues this evidence may become admissible if defense "expressly or implicitly suggests that the victim's fabricated their testimony". However, the hearsay exception relating to prior consistent statement under ER 801(d)(1)(B) requires more than "suggestion of fabrication". The rule provides in pertinent part:

**(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:

  **(1)** *A Declarant-Witness's Prior Statement.* The declarant testifies and is subject to cross-examination about a prior statement, and the statement:

  **(B)** *is consistent* with the declarant's testimony and is offered:

    (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or

JULIAN E. ST. MARIE
ST. MARIE LAW, PLLC
2035 E. SIMS WAY
(360) 531-6505
JULIE@STMARIELAW.COM

(ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground; …

(Emphasis added.)

In this case, a determination of "consistency" may be impossible with respect to E.T.'s prior statements to law enforcement as compared to her testimony at trial. E.T.'s responses to law enforcement questioning are exceedingly vague in terms of description of time, place, and circumstance. Apart from wholly uncorroborated claims relating to Squaxin Island in 2012, E.T.'s claims relating to other alleged discrete acts are generic in nature and span time frames ranging from 2-4 years.

Following E.T.'s forensic interview in September 2021, law enforcement conducted a second interview with E.T. in January 2022, to clarify claimed events, time, place, and circumstances.  E.T. was unable to recall when alleged acts occurred; E.T.'s date ranges span 2-4 years.

Defense intends to charge recent fabrication or improper motive with respect to E.T.  Therefore, defense moves for a ruling *in limine* requiring the Government to state with specificity the basis for any contention E.T.'s prior statements are inconsistent, so as to permit admission under ER 801(d)(1)(B).

4.      This Court should prohibit testimony by any witness who cannot accurately perceive, remember, and relate; Defense should be permitted to *voire dire* E.T. with respect to her  competency to  testify, outside the presence of the jury. In the alternative, defense asks this Court to do so.

The Government has since become aware of E.T.'s claims of "disassociation", and memory loss. E.T. claims to have 10 or more "alters", or distinct personalities.

E.T. indicates episodes of disassociation are concurrent with memory loss. She reports greater instances of disassociation as the date for trial approached.

5. <u>This Court should preclude any witness from consulting with counsel during any break/recess in their testimony.</u>

The Supreme Court in *Perry v. Leeke*, 102 L.Ed.2d 624 (1988) [holding that an accused has no right to confer with his counsel during a brief recess in his testimony] noted "that cross-examination is more likely to elicit truthful responses if it goes forward without the witness an opportunity to consult with...his or her lawyer." *Perry v. Leeke*, Supra, at p. 634.

"The reason for the rule (precluding a witness from consulting with counsel during his or her examination) is one that applies to all witnesses -- not just defendants.  It is a common practice for a judge to instruct a witness not to discuss his or her testimony with third parties until the trial is completed.  Such non-discussion orders are a corollary of the broader rule that witnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say, and to increase the likelihood that they will confine themselves to truthful statements based on their own recollections.  Accordingly, it is entirely appropriate for a trial judge to decide. . . that cross-examination is more likely to elicit truthful responses if it goes forward without allowing the witness an opportunity to consult with third parties, including his or her lawyer." *Id.*, at p. 634.

JULIAN E. ST. MARIE
ST. MARIE LAW, PLLC
2035 E. SIMS WAY
(360) 531-6505
JULIE@STMARIELAW.COM

To allow for cross-examination of prosecution witnesses without the benefit of consultation with counsel for the prosecution, would enhance this truth-seeking function and further the purposes underlying this accused's Sixth Amendment right of Confrontation.

The Court in *Leeke* held that "[s]uch non-discussion orders are a corollary" to the witness sequestration rule, now codified in Rule 615 of the Federal Rules of Evidence.

6. Defendant further moves the Court for an order directing Plaintiff's counsel to carefully inform each witness called by Plaintiff regarding the existence of any order issued by the court, and the necessity for compliance by each witness.

The grant of any of the foregoing motions *in limine* would be for naught, unless the parties instructed their witness to comply with the court's order prior to testifying. Additionally, this curative process will avoid the undue cost and expense of a mistrial in the event prejudicial evidence, previously ordered excluded, is presented to the jurors in this action.

7. To prevent the Government in its opening statement, or closing argument, to express its opinion about the credibility of any witness or the guilt/innocence of the accused.

It is improper for a prosecutor, or for Government witnesses to invade the province of the jury, to express an opinion about the credibility of a witness and the guilty or innocence of the accused. *United States v. Rudberg*, 122 F.3d 1199 (9th Cir. 1997).

Granted_____          Denied_____

DEFENDANT'S MOTIONS IN LIMINE

JULIAN E. ST. MARIE
ST. MARIE LAW, PLLC
2035 E. SIMS WAY
(360) 531-6505
JULIE@STMARIELAW.COM

8. To prohibit any mention by the Government or any witness that the defendant has retained counsel.

Plaintiff should be prohibited from making any reference to the circumstances or terms under which the defendant employed his attorney. Such reference is irrelevant and would serve only to confuse the jury. VI Amendment; *State v. Sexsmith*, 186 Wash. 345, 57 P.2d 1249 (1936); FRE 402.

Granted_____          Denied_____

9. To prevent the Government from asking any witness to judge whether or not another witness is lying.

Asking a witness to judge whether another witness is lying invades the province of the jury. *United States v. Sanchez-Lima*, 161 F.3d 545 (9th Cir. 1998).

Granted_____          Denied_____

10. To preclude the Government's adult witnesses from bringing a "therapy dog" into the courtroom during their testimony.

First, a jury is indeed much more likely to sympathize with a witness who is accompanied by a dog who is obviously present for the purpose of offering comfort. Many people relate to dogs, and people with dogs may well tend to be more likeable or otherwise sympathetic.

Second, The Government fails to make any showing that these witnesses have special needs warranting special accommodations. The Government's witnesses are adults.

DEFENDANT'S MOTIONS IN LIMINE

JULIAN E. ST. MARIE
ST. MARIE LAW, PLLC
2035 E. SIMS WAY
(360) 531-6505
JULIE@STMARIELAW.COM

Finally, the jury is entitled to observe a witness' demeanor during testimony without distractions or special aids for the witness.

Granted_____                    Denied_____

11. This Court should preclude testimony by Government witnesses with respect to unfounded allegations of Defendant's abuse of alcohol.

Rule 404 of the Federal Rules of Evidence prohibits evidence about a defendant 's character trait to prove that the defendant committed the charged crime when he acted in accordance with that character trait. The rule is rooted in the "basic premise of our criminal justice system" that "[o]ur law punishes people for what they do, not who they are." *United States v. Charley*, 1 F.4th 637 (9th Cir. 2021).

No evidence exists to corroborate allegations Defendant drank to excess, much less was "usually drunk", as claimed by E.T.; In fact, other witnesses contradict this characterization of the Defendant. Evidence of supposed habitual intoxication is inadmissible "other act" evidence, under ER 404(b).

Granted_____                    Denied_____

12. This Court should exclude testimony that I.T. saw E.T. crying in the hallway, at some unknown date and time.

The Government cannot make any connection between a random, isolated occasion where I.T. remembers E.T. came out of the bathroom connected to their parent's shared bedroom, crying, and E.T.'s claim that Defendant sexually abused her in the bathroom. With 9-11 family members in the small house at 71 Snowcaps

JULIAN E. ST. MARIE
ST. MARIE LAW, PLLC
2035 E. SIMS WAY
(360) 531-6505
JULIE@STMARIELAW.COM

1
2
3
4

Lane, it was not uncommon to use whatever bathroom happened to be free. As it is unconnected and no evidence exists to suggest a connection, I.T.'s testimony in that regard should be excluded under ER 401, 402, 403.

5

     Granted_____                         Denied_____

6
7

13. Counsel should be prohibited from any reference to motions *in limine* or the court's ruling on these motions.

8
9
10
11
12
13
14
15
16

It is improper to state or to imply to the jury that a party has sought to exclude evidence bearing on the issues in a case or on the rights of the parties. *Texas Employer's Insurance Association v. Phillips,* 255 S.W.2d 364 (Tex. App. 1953). In this connection, defendant moves that plaintiff counsel be instructed not to suggest to the jury by argument or otherwise, that defendant has sought to exclude from proof any matter bearing on the issues in the cause or the rights of the parties in this case. *Id.*

17

Granted_____                         Denied_____

18
19
20

DATED this 7th day of January 2023.

**ST. MARIE LAW, PLLC**

21
22
23

s/ Julian E. St. Marie
JULIAN E. ST. MARIE, WSBA No. 27268
Attorney for Defendant

24
25
26
27
28

DEFENDANT'S MOTIONS IN LIMINE

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant and the Government.

Kristine Foerster
Assistant United States Attorney
United States Western District of Washington
1201 Pacific Avenue, Suite 700
Tacoma, Washington. 98402
(253) 428-3800

William Dreher
Assistant United States Attorney
United States Western District of Washington
1201 Pacific Avenue, Suite 700
Tacoma, Washington. 98402
(253) 428-3800

DEFENDANT'S MOTIONS IN LIMINE

1

2

3   Angelica Williams
    Assistant United States Attorney
4   United States Western District of Washington
    1201 Pacific Avenue, Suite 700
5   Tacoma, Washington. 98402
    (253) 428-3800
6

7

8

9                                          ST. MARIE LAW, PLLC

10                                          s/Julian E. St. Marie

11                                   JULIAN E. ST. MARIE, WSBA 27268
12                                          Attorney for Defendant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTIONS IN LIMINE