UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JOSEPH ANTHONY TURREY,<br><br>        Defendant. | CASE NO. 3:21-cr-05385-BHS<br><br>ORDER |

This matter is before the Court on Defendant Joseph Turrey's Motion for a Judgment of Acquittal filed under Federal Rule of Criminal Procedure 29. Dkt. 221. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and denies the motion for the reasons stated below.[1]

## I. BACKGROUND

The Government charged Turrey with six counts of aggravated sexual abuse of a minor, one count of abusive sexual contact, and two counts of sexual abuse of a minor. Dkt. 111. A jury trial commenced and, after the Government presented its evidence,

---

[1] The Government's unopposed Motion to Seal Document, Dkt. 222, is GRANTED.

Turrey moved for a judgment of acquittal concerning Counts 3, 6, and 7 under Fed. R. Crim. P. 29(a). Dkt. 232 at 61–62. The Court reserved ruling on the motion until after the jury reached its verdict. Dkt. 232 at 64; *see* Fed. R. Civ. P. 29(b). The jury ultimately found Turrey guilty as charged. Dkt. 210.

After the jury rendered its verdict, the Court directed the parties to submit briefing regarding Turrey's motion for a judgment of acquittal. Dkt. 215. Although Turrey's motion at trial concerned only Counts 3, 6, and 7, his subsequently-filed memorandum in support of this motion addresses all of the counts charged. *See generally* Dkt. 221. The Government's response memorandum addresses all of the counts charged, *see generally* Dkt. 223, and so does the Court.

The arguments raised in Turrey's motion are addressed below.

## II.   DISCUSSION

**A.   Legal Standard**

"A judgment of acquittal is improper if, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Ching Tang Lo*, 447 F.3d 1212, 1221 (9th Cir. 2006) (quoting *United States v. Alston*, 974 F.2d 1206, 1210 (9th Cir. 1992)); *see also* Fed. R. Crim. P. 29(c). "There is sufficient evidence to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Moreland*, 622 F.3d 1147, 1168 (9th Cir. 2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original).

**B.     Sufficient evidence supports the jury's finding that Turrey acted with the requisite intent when he engaged in the conduct charged in Counts 1, 2, 3, and 7.**

Turrey asserts that the Government did not adduce sufficient evidence to support the convictions on Counts 1, 2, 3, and 7. Dkt. 221 at 2–4. This is so, he claims, because "the government failed to present evidence to support a finding that [his] intent was to abuse, humiliate, harass, or degrade *and* arouse or gratify the sexual desire of the complaining witnesses." *Id.* at 2. He contends that, "[w]hile arousal or gratification of sexual desire may be inferred from the circumstances, no evidence was presented to support a reasonable inference of intent to 'abuse, humiliate, or harass.'" *Id.*

The Government responds that the relevant statutory language required it to prove that Turrey acted with an intent to only abuse, humiliate, harass, degrade, *or* arouse or gratify the sexual desire of any person. Dkt. 223 at 5–6. It contends that, although "Turrey claims that these definitional lists are conjunctive ('and'), they are in fact disjunctive ('or')" and that the Court correctly instructed the jury in the disjunctive. *Id.* at 6.

The Court agrees with the Government. Concerning Counts 1, 2, and 3, the Government needed to prove that Turrey engaged in a "sexual act," which, by definition, requires a showing that he acted "with an intent to abuse, humiliate, harass, degrade, *or* arouse or gratify the sexual desire of any person." 18 U.S.C. §§ 2246(2)(C), 2246(D) (emphasis added). Likewise, regarding Count 7, the Government needed to prove that Turrey engaged in "sexual contact," which also requires a showing that acted "with an intent to abuse, humiliate, harass, degrade, *or* arouse or gratify the sexual desire of any

ORDER - 3

person." 18 U.S.C. § 2246(3) (emphasis added). The jury was instructed in accordance with this statutory language. *See* Jury Instruction Nos. 14, 18, 19, and 23 (Dkt. 200 at 15, 19–20, 24).

The Court recognizes that the second superseding indictment charged these offenses in the conjunctive rather than in the disjunctive. *See* Dkt. 111 at 1–2, 4. But this is of no consequence. Indeed, "[t]he government may charge in the conjunctive and prove in the disjunctive." *United States v. Robertson*, 895 F.3d 1206, 1219 (9th Cir. 2018). The Government did so here.

Finally, the Court notes that Turrey incorrectly states that the Government was required to prove that he intended to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of "the complaining witnesses." Dkt. 221 at 2. The Government was required to prove that Turrey intended "to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of *any person*." 18 U.S.C. §§ 2246(2)(C), 2246(2)(D), 2246(3) (emphasis added). "Any person" includes Turrey. The Government adduced sufficient evidence at trial to indicate that Turrey intended to arouse or gratify his own sexual desire.

Accordingly, the Government did not fail to prove that Turrey acted with requisite intent concerning the conduct charged in Counts 1, 2, 3, and 7.

**C. Sufficient evidence supports the jury's finding that Turrey acted knowingly when he engaged in the conduct charged in Counts 4, 5, 6, 8, and 9.**

Turrey contends that, "[f]or counts 4, 5, 6, 8, and 9, the government failed to present sufficient evidence that [he] acted 'knowingly'" because "MV2 indicated that the

ORDER - 4

defendant was often intoxicated during the acts." Dkt. 221 at 2. The Government responds that the relevant statutes require a showing of general intent and, therefore, intoxication and diminished capacity are not defenses to the crimes charged in these counts. Dkt. 223 at 7. The Government also contends that no evidence was adduced at trial to suggest that Turrey was so intoxicated that he was unable to act knowingly. *Id.*

The Court again agrees with the Government. Counts 4, 5, 6, 8, and 9 required the Government to prove, in part, that Turrey "knowingly" engaged in a sexual act. 18 U.S.C. §§ 2241(c), 2243(a): *see* Dkt. 111 at 3–5. Generally, "'knowledge' corresponds to general intent" whereas "'purpose' corresponds to the concept of specific intent." *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000). "The practical difference between these two levels of mental culpability is that certain defenses, such as voluntary intoxication and subjective mistake of fact, can negate culpability only for specific intent crimes." *Id.* Indeed, under the statutes at issue, "the term knowingly does not require a culpable state of mind, but rather, knowledge of the facts underlying the offense." *United States v. JDT*, 762 F.3d 984, 1001 (9th Cir. 2014).

Because Counts 4, 5, 6, 8, and 9 charge Turrey with committing general intent crimes, voluntary intoxication is not a defense that was available to Turrey. In any event, the record is devoid of any evidence demonstrating that Turrey was so intoxicated that he was unable to know the facts underlying any of these counts when he engaged in the

conduct charged. Therefore, sufficient evidence supports the jury's finding that Turrey acted knowingly when he engaged in the conduct charged in Counts 4, 5, 6, 8, and 9.[2]

**D.     Sufficient evidence Supports the jury's finding that Turrey engaged in a sexual act under Counts 5, 7, and 9.**

Turrey argues that, "[w]ith respect to Count 7, insufficient evidence was presented to prove beyond a reasonable doubt that [he] intentionally caused MV2 to touch his penis separate from evidence to support allegations regarding contract between mouth and penis as alleged in Counts 5 and 9." Dkt. 221 at 11. The Government responds the sexual contact charged in Count 7 occurred on a separate occasion than the sexual acts charged in counts 5 and 9. Dkt. 223 at 9–10. The Government also contends that sufficient evidence supports the jury's conviction under Count 7. *Id.*

The Court agrees with the Government that the sexual conduct encompassed by Counts 5, 7, and 9 occurred on three separate occasions. *See id.* at 9. During closing argument, the Government clarified that Count 5 concerned an occasion at the Great Wolf Lodge when Turrey put his penis into E.T.'s mouth. Dkt. 233 at 74–76. The Government also clarified that Count 9 concerned an occasion in a bedroom at the house located at 71 Snowcaps Lane when Turrey put his penis into E.T.'s mouth. *Id.* at 81–82. By contrast, the Government clarified that Count 7 concerned an occasion in the

---

[2] It is unclear whether Turrey challenges the sufficiency of the evidence concerning E.T.'s age at the time of the conduct charged in Count 6. *See* Dkt. 221 at 6. Nevertheless, he correctly concedes that, based on the evidence adduced by the Government, "[a] reasonable jury could reasonably infer that [E.T.] was either 9.5 years old or 10.5 years old." *Id.* Accordingly, sufficient evidence supports the jury's finding that E.T. was under the age of 12 when the conduct charged in Count 6 occurred. *See* 18 U.S.C § 2241(c).

bathroom at the house located at 71 Snowcaps Lane when Turrey forced E.T. to engage in a sexual contact with his penis. Dkt. 233 at 79–80. Thus, Count 7 concerned a sexual contact that was separate and distinct from the sexual acts charged in Counts 5 and 9.

Furthermore, the Government adduced sufficient evidence at trial to support the conviction under Count 7. E.T. testified that, during the occasion in the bathroom, Turrey forced E.T. to kneel down and put his penis in her mouth. Dkt. 229 at 152–53. Additionally, during a video recording of an interview presented at trial between E.T. and an agent of the Federal Bureau of Investigation, E.T. stated that that, during this same occasion, Turrey forced her to rub his penis until he ejaculated. Dkt. 224 at 50–57. Therefore, sufficient evidence supports the jury's finding that Turrey engaged in sexual contact under Count 7.

Accordingly, the Court rejects Turrey's argument that sufficient evidence does not support the conviction under Count 7.

**E.     Sufficient evidence supports the jury's finding that Turrey engaged in a sexual act under Counts 2 and 3.**

Turrey contends that, "with respect to Count 3, insufficient evidence was presented to prove [he] touched MV2's genitalia, separate from the evidence to support Count 2." Dkt. 221 at 11. The Government responds that it adduced sufficient evidence to support a finding that Turrey engaged in a separate sexual act under each of these counts. Dkt. 223 at 8–9.

Count 2 charged Turrey with "engag[ing] in, and attempt[ing] to engage in, a sexual act, that is, the penetration by a finger, however slight, of the genital opening of

MV2." Dkt. 111 at 2. By contrast, Count 3 charged Turrey with "engag[ing] in, and attempt[ing] to engage in, a sexual act, that is, the intentional touching, not through the clothing, of the genitalia of MV2. *Id.*

The Government asserts that Counts 2 and 3 concerned one occasion during which Turrey "touch[ed] [E.T.]'s vagina in the bathrub when she was 7 years old." Dkt. 223 at 8. The Government contends that it adduced sufficient evidence to support the jury's convictions under Counts 2 and 3. The Court agrees.

During the video recording of the interview presented at trial between E.T. and the FBI agent, E.T. explained that Turrey washed her around her "crotch area" and that he "went inside." Dkt. 224 at 5. During another interview between E.T. and an FBI agent that was also presented at trial, E.T. stated that, while Turrey washed her, "he put one of his fingers, um, inside, um, my vagina, I guess." *Id.* at 75. Additionally, during the trial, E.T. testified that Turrey "put his fingers like inside of my vagina with the washing" while "[h]is other hand was like inside his pants." Dkt. 229 at 138–38.

On this record, sufficient evidence supports the jury's finding that Turrey intentionally touched E.T.'s vagina and penetrated E.T.'s vagina with his finger. Accordingly, sufficient evidence supports Turrey's convictions on both Count 2 and Count 3.

***

In sum, the Government presented sufficient evidence during its case to support the jury's verdict on each count charged. Although the Court's decision considers only the evidence adduced during the Government's case, the result would be the same even if

Turrey moved for a judgment of acquittal after he presented his case. Turrey did not present any evidence that undermined or negated the sufficiency of the evidence from which a rational trier of fact could find him guilty as charged.

**F.  Further briefing is required to address whether Counts 2 and 3 are multiplicitous in violation of the Fifth Amendment's Double Jeopardy Clause.**

The Court does not address in this order whether Counts 2 and 3 are multiplicitous in violation of the Fifth Amendment's Double Jeopardy Clause. Neither party adequately briefs this issue and, in any event, a motion for a judgment of acquittal is not the appropriate vehicle through which to raise this issue. *See* Fed. R. Crim P. 29(a) (stating that a motion for a judgment of acquittal addresses "whether the evidence is insufficient to sustain a conviction").

When there is a double jeopardy violation, "'the only remedy consistent with the congressional intent is for the [d]istrict [c]ourt, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions.'" *United States v. Schales*, 546 F.3d 965, 980 (9th Cir. 2008) (quoting *Ball v. United States*, 470 U.S. 856, 864 (1985)). The Court accordingly directs the parties to file simultaneous briefing addressing whether Counts 2 and 3 are multiplicitous in violation of the Double Jeopardy Clause. In so doing, the parties should address whether Count 3, which involved "the intentional touching, not through the clothing, of the genitalia of" E.T., should be vacated.[3]

---

[3] The Government asserts that this issue could be addressed at sentencing, Dkt. 223 at 10, but the Court concludes that ruling on the issue prior to sentencing will make for a more accurate presentence report.

ORDER - 9

The parties' opening briefs must be filed on or before June 23, 2023. The parties' response briefs must be filed on or before July 7, 2023. The parties should not file reply briefs.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Turrey's Motion for a Judgment of Acquittal, Dkt. 221, is **DENIED**. The Government's Motion to Seal Document, Dkt. 222, is **GRANTED**. The parties are **ORDERED** to submit simultaneous opening briefs addressing whether Counts 2 and 3 are multiplicitous in violation of the Fifth Amendment's Double Jeopardy clause **on or before June 23, 2023**. The parties are further **ORDERED** to submit simultaneous response briefs **on or before July 7, 2023**.

Dated this 6th day of June, 2023.

BENJAMIN H. SETTLE
United States District Judge